### In re Mildred L. WRIGHT, Debtor.

### No. 4:05 BK 40418 E.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

March 16, 2006.

See also, 339 B.R. 472.

Clarence Cash, Little Rock AR, for debtor.

Joyce Bradley Babin, Little Rock, AR, Chapter 13 Trustee.

### ORDER DENYING MOTION TO IMPOSE AUTOMATIC STAY

AUDREY R. EVANS, Bankruptcy Judge.

Now before the Court is the *Debtor's Motion to Impose the Automatic Stay* ("**Motion to Impose**") filed on February 2, 2006. The Debtor filed bankruptcy under Chapter 13 on December 29, 2005. The Debtor previously filed bankruptcy under Chapter 13 on November 24, 2004. That case was dismissed on November 1, 2005. Pursuant to 11 U.S.C. § 362(c)(3)(A), if a debtor has had a pending case dismissed in the one-year period prior to filing the current case, the automatic stay terminates with respect to such debtor on the 30th day after the filing of the later case with respect to a debt or property securing such debt (unless the prior case was dismissed under 11 U.S.C. § 707(b)). Upon motion of a party in interest, the automatic stay may be extended "after notice and a hearing completed before the expiration of the 30-day period," if certain conditions are met. 11 U.S.C. § 362(c)(3)(B). The Debtor did not file such a motion, and accordingly, the automatic stay expired as provided in section 362(c)(3)(A) on January 28, 2006. More than a month later, the Debtor filed a motion to impose an automatic stay as provided under 11 U.S.C. § 362(c)(4)(B).

Although the Court has determined that the provisions of section 362(c)(4)(B) apply to debtors who are subject to expiration of the automatic stay under section 362(c)(3)(A) (*i.e.*, those debtors with only one other case pending in the prior year), in addition to debtors subject to the provisions of section 362(c)(4)(A) (*i.e.*, those debtors with more than one case pending in the prior year),[1] a stay may be imposed under section 362(c)(4)(B) only if a motion is filed within 30 days after the filing of the later case.[2] Accordingly, because the Debtor's Motion to Impose was not timely filed, it must be **DENIED**.

**IT IS SO ORDERED.**

---

1. In *In re Beasley*, case number 4:06–bk–10014, this Court adopted Judge Marvin Isgur's ruling in *In re Hernan Toro–Arcila*, 334 B.R. 224 (Bankr.S.D.Tex.2005) regarding the application of section 362(c)(4)(B) to cases in which the automatic stay has expired under section 362(c)(3)(A).

2. Section 362(c)(4)(B) provides, in part, "if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors . . ."